Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 17-2179

LINNEA GARCIA-TATUPU,

Plaintiff, Appellant,

v.

BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN;
NFL PLAYER SUPPLEMENTAL DISABILITY PLAN,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Lynch, Selya, and Lipez,
Circuit Judges.

Edward J. McCormick, III, with whom McCormick & Maitland was on brief, for appellant.
Michael L. Junk, with whom Groom Law Group, Grace V.B. Garcia, and Morrison Mahoney LLP were on brief, for appellees.

January 14, 2019

**Per Curiam.**  We have carefully considered the parties' briefs and the record on appeal and conclude that the district court's judgment should be affirmed essentially for the reasons articulated by the district court and argued by appellees.

In summary, our de novo review of the pertinent state court domestic relations orders, in light of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, and the Tatupus' marital separation agreement, demonstrates that the orders impermissibly sought to "require the [NFL retirement] plan to provide increased benefits."  29 U.S.C. § 1056(d)(3)(D)(ii). Appellant has provided us with no legal authority to support her contention that these nunc pro tunc, postmortem orders should be treated as Qualified Domestic Relations Orders ("QDROs") under ERISA.  Unlike in Files v. ExxonMobil Pension Plan, 428 F.3d 478 (3d Cir. 2005), the primary case cited by appellant, she is not "seek[ing] to enforce an interest created prior to [her ex-husband]'s death," id. at 489, but is instead attempting to rewrite the separation agreement to posthumously create new interests in his retirement benefits.

Given this disposition, we do not opine upon the circumstances in which nunc pro tunc state court domestic relations orders entered after the death of a plan beneficiary may be treated as QDROs.  We merely hold that, on the specific facts of this case -- in particular, the language of the separation agreement and the

- 2 -

status of Mr. Tatupu's election and receipt of benefits at the time of his death -- the domestic relations orders at issue may not be so treated.

**Affirmed.** <u>See</u> 1st Cir. Rule 27.0(c).